(Pleito No. 141.—Fallado el 23 de Agosto de 1901.)

## Conroig contra Benet.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

Sentencia. Las sentencias deben ser claras, precisas y congruentes con las demandas y con las demás pretensiones deducidas oportunamente en el pleito, haciendo las declaraciones que éstas exijan, condenando ó absolviendo al demandado, y decidiendo todos los puntos litigiosos que hayan sido objeto del debate.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á véinte y tres de Agosto de mil novecientos uno, en los autos del juicio declarativo de mayor cuantía promovido en el extinguido Juzgado de 1ª Instancia del Distrito de San Francisco de esta Capital por los hermanos Don Elías y Doña Eduarda Conroig, y seguido después por esta última por su propio derecho y como cesionaria de su referido hermano Don Elías, en el Tribunal de Distrito de San Juan, contra la sucesión de Don Félix Benet. Don Julián Monsuris, Don Fermín Martínez Villamil, Don Pablo Ubarri é Iramategui, Don Jacinto Moragas, Don José Antonio Daubón y la sucesión de Don Ricardo Quijano, tutor y protutor respectivamente los dos primeros, y los demás vocales que fueron del consejo de familia de los referidos hermanos Conroig,

durante su menor edad, sobre reintegro de cantidades é indemnización de daños y perjuicios; pleito pendiente ante Nos, á virtud de recurso de casación por infracción de ley interpuesto por la demandante Doña Eduarda Conroig, representada y defendida por el Letrado Don Rafael López Landrón; llevando la representación y defensa de Don Pablo Ubarri é Iramategui y Don Julián Monsuris, que comparecieron también como recurridos, los Letrados Don Hilario Cuevillas y Hernández y Don Wenceslao Bosch, respectivamente.—Resultando: Que en diez y ocho de Agosto de mil ochocientos ochenta y nueve falleció en esta Capital Don Eduardo Conroig y Juado, Cónsul que fué de los Estados Unidos de América, bajo las disposiciones del testamento nuncupativo que otorgara ante el Notario público de esta ciudad Don Mauricio Guerra Mondragón y Mejías, en once de Junio del mismo año, en el que después de declarar que era soltero, pero que tenía reconocidos dos hijos naturales nombrados Doña Eduarda Rafaela y Don Elías, que habían sido bautizados como expósitos en la casa del otorgante, en veinte y tres de Diciembre de mil ochocientos setenta y dos, y tres de Octubre de mil ochocientos setenta y cinco, respectivamente, los instituyó por herederos universales de todos sus bienes por partes iguales, y nombró como albacea y curadora *ad bona* de sus referidos hijos, en atención á la menor edad en que se encontraban, á Doña Amalia Cletos Noa, con relevación de fianza y señalamiento de frutos por pensión y prohibiendo la intervención judicial en el arreglo de su testamentaría.—Resultando: Que ocurrido el fallecimiento de Don Eduardo Conroig, se hizo cargo el albacea de la persona y bienes de los menores; y habiendo acudido algún tiempo después, ó sea en veinte de Abril de mil ochocientos noventa y dos, ante el Juez de 1ª Instancia de esta Capital, en solicitud de que se le discerniera el cargo de curadora *ad bona* de los expresados menores para el que había sido nombrada por el padre en su testamento, el Juez, por auto de aquella misma fecha,

declaró no haber lugar á lo que se solicitaba, fundado en
que, conforme á la legislación antigua y al vigente Código
Civil, sólo la madre y la abuela podrían ser investidas con
la representación de tutoras y que con arreglo al artículo
237 número 7 del Código Civil, no cabía hacerse el nombra-
miento que se pretendía.—Resultando : Que constituído el
consejo de familia de los expresados menores, el doce de
Mayo siguiente, con los Sres. Don Fermín Martínez Villa-
mil, presidente, y los vocales Don Pablo Ubarri 2º,
Don Jacinto Moragas, Don Ricardo Quijano y Don José
Daubón, el diez y seis del mismo mes se reunió el consejo
para la designación del tutor y protutor de los menores,
resultando electo para el primero de dichos cargos Don
Félix Benet, propietario y secretario que era en aquella
fecha de la Diputación Provincial, y para el segundo Don
Julián Monsuris, jefe de la casa mercantil que giraba en
esta plaza bajo la razón de "Sucesores de J. Hernaiz",
acordándose además que atendidas la responsabilidad y
honradez del tutor electo, se le relevaba por entonces de la
prestación de fianza, sin perjuicio de que se verificara más
adelante, si el consejo lo creyera necesario; y que enterados
de sus respectivos nombramientos Don Félix Benet y Don
Julián Monsuris, los aceptaron, ofreciendo su fiel y exacto
cumplimiento y tomándose razón del nombramiento del
primero en el libro de tutelas del Juzgado de 1ª Instancia
de esta Capital, en primero del propio mes de Mayo.—
Resultando : Que en seis de Junio siguiente, habiendo
solicitado y obtenido Don Félix Benet del Juez de 1ª Ins-
tancia de esta Capital, autorización para recibir, en su
calidad de tutor de la menor Doña Eduarda Conroig, la
suma de mil quinientos pesos, que era en deber á dicho
menor Don Manuel Muñoz Barrios, en hipoteca impuesta
sobre una casa de su propiedad radicada en la calle del Sol
de esta ciudad, marcada con el número 68, al interés del
nueve por ciento anual, por escritura pasada ante el Notario
de esta Capital Don Juan Ramón de Torres, en veinte y tres

de Julio siguiente, declaró Benet haber recibido del expre-
sado Don Manuel Muñoz Barrios la indicada cantidad,
otorgándole carta de pago y cancelación° de hipoteca, que
fué inscrita en el Registro de la Propiedad, cancelándose en
su consecuencia la que pesaba sobre la citada casa.—Resul-
tando: Que ocurrido el fallecimiento de Don Félix Benet
en quince de Marzo de mil ochocientos noventa y ocho, un
año después,. ó sea en siete de Marzo del año siguiente,
los hermanos Conroig, que ya habían arribado á su mayor
edad, entablaron ante el Juez de 1ª Instancia de San
Francisco de esta Capital la demanda.origen de este pleito
que continuó después la Doña Eduarda por sí y como cesio-
naria de los derechos de su hermano Don Elías, en la que,
haciendo relación de los hechos que quedan expuestos y
expresando además que el tutor Sr. Benet, sin prestar la
fianza, ni cumplir ninguna de las demás obligaciones que su
cargo le imponía, había entrado en posesión de todos los
bienes de los menores y dispuesto no sólo de los mil qui-
nientos pesos que había recibido de Don Manuel Muñoz
Barrios, sino de mil quinientos setenta y seis pesos más de la
propiedad de los mismos menores, que había retirado ·de
poder de los Sres. Orcasitas y Cª., del comercio de esta plaza,
que los había recibido á préstamo de la albacea Doña
Amalia Cletos Noa, y por cuya suma les pasaban diez pesos
cincuenta centavos mensuales en concepto de intereses; que
para retirar de su colocación esos valores, no había obtenido
el tutor Sr. Benet la necesaria autorización del consejo
de familia, ni dado al protutor Sr. Monsuris la intervención
que le correspondía con arreglo á las leyes, ni se había
cuidado de dar á aquellas cantidades una inversión prove-
chosa para los intereses de los menores, pues antes al
contrario, habiendo˙ fallecido el tutor Sr. Benet sin dar
cuenta de la legítima inversión de aquellas sumas y sin
dejar más bienes de fortuna que una casa en esta Capital,
cuyo valor apenas. alcanzaba á cubrir el de las hipotecas
que pesaban sobre ella, su sucesión había resultado comple-

tamente insolvente y deudora de crecidísimas obligaciones;
de donde se derivaba necesariamente la pérdida del pequeño
capital que habían heredado de su difunto padre, y de cuyos
perjuicios eran responsables, además del tutor Sr. Benet, el
protutor Sr. Monsuris y los miembros del consejo de familia,
por el abandono y negligencia culpables con que habían
procedido en el cumplimiento de las obligaciones que les
imponían sus respectivos cargos; por lo que, invocando
en apoyo de sus pretensiones los preceptos de los artículos
252, 253, 254, 255 al 260, 264, 269, 275, 287, 309, 311 y 312
del Código Civil, y limitando su reclamación al montante de
las cantidades recibidas por el tutor Sr. Benet, de Don
Manuel Muñoz Barrios y de Orcasitas y Cª, con sus respec-
tivos intereses, concluyeron pidiendo que, sustanciada que
fuera la demanda con citación y emplazamiento de la sucesión
del tutor Don Félix Benet, del protutor Don Julián Mon-
suris, y de Don Fermín Martínez Villamil, Don Pablo
Ubarri é Iramategui, Don Jacinto Moragas, Don José A.
Daubón y Don Ricardo Quijano, ó sea su sucesión por haber
fallecido, presidente y vocales que fueron respectivamente
del consejo de familia, se declarara responsables á todos
los demandados, del reintegro á los hermanos Don Elías y
Doña Eduarda Rafaela Conroig, de los mil quinientos pesos
moneda provincial entregados al tutor por Don Manuel
Muñoz Barrios el veinte y tres de Julio de mil ochocientos
noventa y dos, y asimismo de los mil quinientos setenta y
seis pesos de igual moneda ó su equivalente, recibidos por el
mismo tutor de poder de los Sres. Sucesores de Orcasitas
y Cª, así como de sus intereses legales, condenándolos en su
consecuencia al pago, dentro de tercero día, por vía de
indemnización de daños y perjuicios, ó como mejor fuere
procedente, de las cantidades principales y accesorias, con
todas las costas causadas y que se causaren hasta definitiva.—
Resultando: Que conferido traslado de la demanda y cita-
dos y emplazados en su persona los demandados, á excepción
de Don Jacinto Moragas, que lo fué por edictos publicados

en la *Gaceta Oficial*, por hallarse ausente é ignorarse su paradero, se allanaron á la demanda Don José Antonio y Doña Angela Daubón, esta última como representante de la Sucesión de su difunto esposo Don Ricardo Quijano, y declarada contestada en rebeldía por Moragas por no haber comparecido dentro del término del emplazamiento, la contestaron Don Pablo Ubarri é Iramategui y Don Julián Monsuris, por conducto de los abogados Don Hilario Cuevillas y Hernández y Don Wenceslao Bosch, respectivamente, pidiendo el primero se le absolviese de la demanda con las costas á los demandantes; y alegando que si bien con arreglo al artículo 312 del Código Civil, los vocales del consejo de familia son responsables de los daños que por su malicia ó negligencia culpable se causaren á los menores, para esto es indispensable que se pruebe el daño, y en el presente caso, aun cuando se acreditara que las cantidades indebidamente percibidas por Benet de Don Manuel Muñoz Barrios y Orcasitas y Cª no se hubieran invertido en beneficio de los menores, como para recibirlas no obtuvo el tutor la autorización necesaria del consejo de familia, ni dió al protutor Sr. Monsuris la debida intervención, los pagos hechos no aprovecharían á los deudores, con arreglo al artículo 275 del mismo Código y estarían los hermanos Conroig en perfecta actitud de dirigirse contra ellos, máxime siendo personas de reconocida responsabilidad, y sin que para esto fuera un obstáculo la autorización judicial concedida al deudor Don Manuel Muñoz Barrios para pagar al tutor el crédito hipotecario que pesaba sobre su casa, por ser hoy esta función propia del consejo de familia y no de la autoridad judicial; y que respecto á la relevación de fianza al tutor Sr. Benet, debiendo esta limitarse, en el caso de los hermanos Conroig, á los intereses de los créditos que les correspondían contra Don Manuel Muñoz Barrios y Orcasitas y Cª, intereses que por otra parte debían invertirse en los alimentos de los mismos menores, no procedió el consejo con negligencia culpable, ni mucho menos con malicia, al relevar al tutor

de la fianza que por punto general se exige á los tutores; habida consideración además á la responsabilidad conocida y á la reputación de honradez acrisolada de que disfrutaba en aquella época el tutor Sr. Benet, y cuando por otra parte la determinación del consejo no relevaba al tutor de la fianza definitivamente, sino por el momento y á reserva de exigírsela siempre que el consejo lo estimara conveniente.— Resultando: Que Don Julián Monsuris, en su escrito de contestación se opuso también á la demanda y pidió se le absolviese de ella, con las costas, alegando á su vez que ninguna responsabilidad podía alcanzarle en la gestión del tutor Sr. Benet, porque si bien había sido nombrado protutor de los menores y había aceptado el cargo, nunca se le había puesto en posesión de él por el consejo de familia, como era su deber, en cumplimiento de lo que ordena el artículo 261 del Código Civil; que según el artículo 265 del propio Código, el inventario de los bienes de los sujetos á tutela, debe hacerse con intervención del protutor y con asistencia de dos testigos elegidos por el consejo de familia, disposición que no había sido cumplida en el caso de los menores Conroig, pues ni el protutor había sido llamado para la formación del inventario, ni se le había enterado de la ascendencia del caudal de los menores, y como no estaba obligado por ningún precepto de la ley el protutor á tomar iniciativas de este género, donde había un tutor legalmente nombrado y un consejo legítimamente constituído, resultaba injusto y opuesto al buen sentido, que se pretendiera exigir responsabilidades al protutor Sr. Monsuris por faltas que en su caso cometieran otras personas; que en su número sexto expresa terminantemente el artículo 264 del mismo Código Civil, que el tutor está obligado á procurar la intervención del protutor en todos los casos en que la ley la declara necesaria, de cuyo precepto se infiere, que si el tutor Sr. Benet procedió á ejecutar actos prohibidos por la ley, sin reclamar en ningún caso la intervención del protutor, el cual por otra parte no había sido puesto nunca en posesión

de su cargo, era evidente que la negligencia procedía de parte de dicho tutor, y de cargo de él deben ser por lo tanto las responsabilidades ocurridas de sus faltas, y esto bajo el supuesto siempre de que los deudores de los menores hubieran hecho llenar los requisitos legales para efectuar la paga de lo debido ; que según el artículo 269 del mismo Código Civil, el tutor necesita autorización del consejo de familia para hacer contratos ó verificar actos sujetos á inscripción, y á tenor del número 8 del propio artículo, es necesaria también la autorización del consejo para retirar de su colocación cualquier capital que produzca intereses ; y como no estaba acreditado que el tutor Don Félix Benet hubiera solicitado la autorización del consejo de familia para retirar de la colocación en que estaban los mil quinientos setenta y seis pesos que en calidad de préstamo con interés existían en poder de Orcasitas y Cª, ni para cancelar la hipoteca constituída sobre la casa de la propiedad de Don Manuel Muñoz Barrios, era evidente que los responsables directamente de estas informalidades lo eran en primer término, el tutor Don Félix Benet y los deudores Orcasitas y Cª y Don Manuel Muñoz Barrios ; el primero, por no haber solicitado la autorización exigida por la ley, y los dos últimos, por haber efectuado pagos sin que se llenaran los requisitos por la misma ley establecidos; que el artículo 275 del Código, en su número 2 prohibe expresamente á los tutores cobrar de los deudores del menor ó incapacitado, sin intervención del protutor, cantidades superiores á mil pesetas, á no ser que procedan de intereses, rentas ó frutos, agregándose á continuación que la paga hecha sin dicho requisito sólo aprovecharía á los deudores cuando justifiquen que la cantidad percibida se ha invertido en utilidad del menor ó incapacitado ; de donde se deduce, que si se han cobrado por el tutor Benet dos cantidades que exceden de mil pesetas cada una, que no procedían de intereses, rentas ni frutos, sin la intervención del protutor Sr. Monsuris, es de toda evidencia que las consecuencias de la omisión cometida

vienen á cargo de los que pagaron las cantidades, ó sean Don Manuel Muñoz Barrios y Orcasitas y Cª que deben pagar de nuevo, si no justifican que se invirtieron en utilidad de los menores las cantidades cobradas.—Resultando: Que contestando á su vez el traslado dispuesto el Abogado Don Antonio Sarmiento, á nombre del presidente del consejo de familia, Don Fermín Martínez Villamil, se adhirió en un todo á lo manifestado en su escrito por Don Pablo Ubarri é Iramategui; y en este estado los autos, sin haberse contestado la demanda por la sucesión del tutor Don Félix Benet, ni declarádosele los estrados del Tribunal por no haber comparecido, se confirió traslado para réplica á la parte actora, que lo renunció, y que señalado día para que comparecieran las partes, con objeto de resolver sobre las pruebas que propusiera cada una en defensa de sus derechos así lo verificaron, proponiendo las que estimaron convenientes, y admitiéndose toda la propuesta.—Resultando: Que practicada la prueba documental propuesta por las partes se trajo á los autos una certificación expedida por el Bureau de Estado y Asuntos municipales, de la que aparece que Don Félix Benet fué nombrado Secretario de la extinguida Diputación . Provincial de esta Isla por decreto del Gobernador General de la misma en nueve de Febrero de mil ochocientos noventa y dos, en cuyo destino continuó hasta su muerte, ocurrida en quince de Marzo de mil ochocientos noventa y ocho ; otra certificación expedida por el Juez municipal del Distrito de Catedral, de esta Capital, creditiva de la defunción de Benet ocurrida en la fecha que se indica : otra del Alcalde de Cayey, de la que aparece que examinados los padrones de la contribución de aquel pueblo, Don Félix Benet no había dejado en él á su fallecimiento bienes de ninguna clase, ni su sucesión aparecía contribuyendo por ningún concepto ; otras dos certificaciones más, expedidas por el Registrador de la Propiedad de esta Capital, de las que aparece que examinados los índices y libros del Registro, resultaba de ellos que Don Félix S. Benet sólo

había dejado á su fallecimiento la casa número 15 de la calle de San José de esta ciudad, cuya finca había sido rematada en los ejecutivos seguidos á instancia de Don Manuel López Sainz contra la Sucesión de dicho Sr. Benet, habiéndose adjudicado á Don Pedro Mateo Morazzani, á favor de quien aparecía anotada en el Registro; y que á virtud de la presentación en dicha oficina de la carta de pago otorgada por Don Félix Benet, como tutor de la menor Doña Eduarda Conroig, á favor de Don Manuel Muñoz Barrios, de los mil quinientos pesos que era éste en deber á la citada menor con hipoteca sobre una casa de su propiedad y para cuyo percibo había obtenido Benet autorización judicial, se había cancelado totalmente la hipoteca inscrita en el Registro á favor de la menor Doña Eduarda Conroig sobre la casa de referencia; y por último, una copia fehaciente de la referida escritura de carta de pago y cancelación de hipoteca, expedida por el Notario Don Santiago R. Palmer, como encargado del Archivo de la Notaría del otorgante Don Juan Ramón de Torres.—Resultando: Que en el acto del juicio oral declararon los testigos Don Damián Monserrat, Don Rafael Gil, Don Manuel Muñoz Barrios y Don Benigno Trueba y Gutiérrez; el primero propietario y vecino de esta Capital y mayor de edad, que conocía á la sucesión de de Don Félix Benet, de la que era apoderado y le constaba que era insolvente; que á la muerte de Benet, sólo dejó una casa en la calle de San José, con una hipoteca, cuya finca fué subastada por el acreedor, cubriendo el precio de la subasta el capital, intereses y costas, sin dejar ningún sobrante; que en el año de mil ochocientos noventa y dos creía á Benet en una posición desahogada, pero que poco antes de su muerte se convenció de que su estado financiero era deplorable; que como compañero que había sido de oficina del difunto Benet, tuvo ocasión de ver algunas veces al joven Conroig que le exigía el pago de cantidades que le retenía en concepto de rentas; que la sucesión la componían la viuda y siete hijos, cuatro varones y tres hembras;

que la viuda vivía recogida en la casa de un pariente, y que la familia se mantenía con lo que ganaban dos de los hijos que estaban colocados y con lo demás que podían agenciarse. El segundo, ó sea Don Rafael Gil, comerciante, mayor de edad y á quien no le comprenden las generales de la ley, que en primero de Febrero de mil ochocientos noventa y dos, no era el declarante socio de la mercantil Sucesores de Orcasitas y Cª, pero que le constaba que en aquella fecha había recibido dicha sociedad de Doña Amalia Cleto Noa, como albacea de los menores Conroig, una cantidad de mil quinientos setenta y seis pesos, moneda provincial, por la que les pagaba el interés del ocho por ciento anual; que dicha cantidad la había tenido la sociedad en su poder hasta el veinte y siete de Mayo de mil ochocientos noventa y cinco; que no tenía presente la fecha, pero que en Mayo le habían entregado á la Sra. Cletos Noa cuatrocientos y pico de pesos y el resto de mil cien pesos en Setiembre del mismo año al Sr. Benet; que los Sres. Orcasitas no obtuvieron del protutor de los menores, Don Julián Monsuris, autorización para entregar á Don Félix Benet, ni á nadie, la expresada cantidad; añadiendo por último, que cuando la entrega del dinero estaba el testigo ausente, pero sabía que á la Sra. Noa le fué entregado para preparar el casamiento de la joven Conroig, aunque ignoraba si en esa fecha era ó no tutora de la misma. El tercero, ó sea Don Manuel Muñoz Barrios, empleado, mayor de edad, á quien tampoco le comprenden las generales de la ley, en Junio de mil ochocientos noventa y dos, aunque sin recordar el día, satisfizo á Don Félix Benet, como tutor de la menor Doña Eduarda Conroig, la cantidad de mil quinientos pesos que estaban constituídos en hipoteca á favor de dicha menor sobre la casa de la calle del Sol número 68, que el absolvente había adquirido con dicha carga del Dr. Don Ricardo Hernández y Salgado y que al efectuar dicho pago y suscribir la escritura de veinte y tres de Julio de mil ochocientos noventa y dos, no se le exhibió acta ni otro documento alguno en que constara

que el protutor Don Julián Monsuris hubiera manifestado su consentimiento para que el tutor Don Félix Benet recibiera dichos mil quinientos pesos. Y el cuarto y último, ó sea Don Benigno Trueba y Gutiérrez, mayor de edad y á quien tampoco le comprenden las generales, que no le constaba que Benet atendiera á sus pupilos Doña Eduarda y Don Elías Conroig, invirtiendo en esa atención la totalidad ó casi totalidad de la renta de dichos menores.—Resultando: Que propuesta por las partes la prueba de confesión, declararon también en el acto del juicio oral, los demandados Don Jacinto Moragas, Doña Eduarda Conroig, Don José Antonio Daubón y Don Julián Monsuris; el primero, mayor de edad y de profesión comerciante, que recordaba haber formado parte del consejo de familia de los menores Conroig, pero no haber intervenido en ninguno de los actos del mismo, incluso al en que se relevó de fianza al tutor Don Félix Benet; que reconocía como suya la firma que autorizaba el acta del consejo, por la que se relevó de fianza al Sr. Benet, y recuerda que es la única que había puesto y esto lo hizo á indicación de Doña Eduarda Conroig, recién llegado él de la Península; pero que insistía en su manifestación anterior de no haber asistido nunca á ningún acto del consejo; que firmó el acta de que se trataba sin haberla leído; que conocía la situación de Benet, y lo creía de responsabilidad, no constándole nada en contrario, por haber estado ausente algún tiempo antes de su muerte; y que mientras fué vocal del consejo, no hizo gestión alguna en beneficio de los menores, ni se ocupó de sus intereses para nada.—La segunda, ó sea Doña Eduarda Conroig, mayor de edad, que sólo le entregaron los Sres. Sucesores de Orcasitas y Cª, cuatrocientos cincuenta y siete pesos, en Mayo de mil ochocientos noventa y cinco; que no le constaba nada respecto á la intervención que hubiera tenido el Sr. Monsuris en la entrega al Sr. Benet, de las cantidades pertenecientes á la declarante y su hermano, porque no se le dió cuenta de nada; que en su poder no existía documento alguno en que apareciera que

Don Julián Monsuris hubiera dado su conformidad para el percibo de las cantidades de que se trataba, y que ignoraba si en poder de su hermano Don Elías pudiera existir alguno; que Benet les pasó rentas hasta Junio del año mil ochocientos noventa y cinco, pero que no lo siguió haciendo en lo sucesivo; que estuvo de pupila en la casa de las Sras. Noa hasta Julio del mismo año; que pagó su pupilaje mientras vivió su padre, pero que luego sólo las ayudaba, según las rentas que percibía; que Benet le pasaba la renta y con ella se compraba lo que necesitaba; que sus gastos, cuando se casó, los hizo con lo que le entregaron los Sres. Orcasitas y Cª, pero que encontró la casa puesta por su esposo, que lo podía hacer en aquella época, puesto que tenía una fonda y una pulpería.—El tercero, ó sea Don José Antonio Daubón, empleado, mayor de edad, que reconocía la firma y rúbrica que autorizaban el escrito que había presentado allanándose á la demanda, y se ratificaba en su contenido, pero que al allanarse á la demanda, lo hizo en el concepto de que aceptaba toda la responsabilidad en que hubiera pódido incurrir siempre que se estimara procedente, pero no en el sentido de apreciar la justicia de la demanda, por ser lego en la materia. —Y el cuarto, ó sea Don Julián Monsuris, que recordaba haber aceptado y jurado el cargo de protutor de los menores Conroig, pero que no había sido puesto en posesión de él; que no intervino en la cuestión relativa á la relevación de la fianza que debió exigirse al tutor Sr. Benet, y que no fué llamado ni para la formación del inventario, ni para la cancelación de la hipoteca de Don Manuel Muñoz Barrios, ni para autorizar el recibo dado por Benet, á los Sres. Orcasitas y Cª; que tuvo noticias particulares de la formación del consejo de familia para los menores Conroig, pero que no se le dió de ello conocimiento oficial, y que después de aceptado el cargo de protutor, no había hecho gestión ni diligencia alguna para enterarse del estado de los asuntos de los menores, porque ni el consejo de familia, ni el tutor Sr. Benet, tampoco le enteraron de nada, haciéndolo todo á sus espal-

das.—Resultando : · Que en el acto del juicio se presentó
escrito por el Abogado Don Rafael López, á nombre de la
demandante Doña Eduarda Conroig, manifestando que, en
vista del resultado de las pruebas practicadas en el juicio
oral, modificaba la cuantía de su reclamación, limitándola á
los mil quinientos pesos de la cantidad entregada al tutor
por Don Manuel Muñoz Barrios, y á la de mil ciento diez y
ocho pesos sesenta y dos centavos, del pagaré satisfecho por
los Sres. Sucesores de Orcasitas y Cª, más los intereses legales
de dichas sumas, y las costas, de acuerdo en todo lo demás
con los términos de la demanda ; y que conferido traslado de
dicho escrito para instrucción, por el término de tercero día
á los demandados, con suspensión del juicio oral, transcu-
rrido que fué dicho término sin evacuarse el traslado dis-
puesto, continuó el juicio su curso, informando á la voz los
abogados defensores y señalándose día para la votación de la
sentencia con citación de las partes ; y verificada aquélla,·
dictó sentencia el Tribunal de Distrito de San Juan, en
veinte y uno de Mayo del año próximo pasado, por unani-
midad de votos, absolviendo de la demanda á los vocales del
consejo de familia de la sucesión de Don Eduardo Conroig
y Juado, y al protutor de la misma, sin especial condenación
de costas.—Resultando : Que contra esta sentencia inter-
puso la representación de la demandante Doña Eduarda
Conroig, en escrito de trece de Junio del mismo año, recurso
de casación por infracción de ley, como comprendido en los
casos 1º, 2º, 3º, 4º, 6º y 7º del artículo 1,689 de la Ley de
Enjuiciamiento Civil, que debe entenderse el 1,690 de la
propia ley, y citando como disposiciones legales infringidas:
—1º El artículo 231 del Código Civil, porque no obstante
él se absolvía de toda responsabilidad al consejo de familia.
—2º El artículo 236 del mismo Código, en todos sus nú-
meros y apartados, puesto que el fallo desconocía las obliga-
ciones impuestas á todo protutor.—3º El artículo 261 del
mismo Código, porque relevaba al tutor, al prescindir de él,
de la obligación de dar posesión al protutor, así como á éste

de la en que está de proceder con toda diligencia para la efectividad y eficacia de sus derechos y deberes, aceptados bajo juramento.—4.º El artículo 264, porque contravenía á las obligaciones impuestas al tutor por este precepto.—5.º El artículo 268 del mismo cuerpo legal, por aplicación indebida y sin objeto.—6.º Los artículos 358 y 371 de la Ley de Enjuiciamiento Civil, porque ni la sentencia era precisa y congruente con la demanda y con las demás pretensiones deducidas oportunamente en el pleito, ni en los considerandos se apreciaban todos los puntos de derecho aducidos por las partes.—7.º El artículo 275 del Código Civil, por interpretación errónea y aplicación indebida de este precepto.—8.º El artículo 312 del Código Civil, porque se relevaba á los vocales del consejo de la obligación que les imponía este artículo.—9.º Todos los preceptos relativos á las obligaciones de los tutores y protutores, en cuanto sentaba la doctrina equivocada de que toda la responsabilidad legal está en el presidente y los vocales del consejo de familia, sin embargo, de lo que relevaba de responsabilidad al consejo.—10.º Por error de hecho en la apreciación de la prueba de confesión de Doña Eduarda Conroig, haciéndosela decir cosas distintas de las que había manifestado en juicio.—11.º Por error de hecho en la misma prueba, por dársele un alcance legal que no tenía.—12.º Por error de hecho en la apreciación del allanamiento de Don Jacinto Moragas.—13.º Por error de hecho y de derecho en la apreciación de la declaración del vocal Don Jacinto Moragas.— 14.º Por error de hecho, al no apreciar la restante prueba practicada, así como los escritos de las partes y sus ratificaciones.—Resultando: Que admitido el recurso y elevados los autos á esta superioridad con citación y emplazamiento de los abogados defensores de Doña Eduarda Conroig, Don Julián Monsuris y Don Pablo Ubarri é Iramategui, sustanciado el recurso y celebrada la vista del mismo, como se advirtiera que la sentencia sólo había sido notificada á los referidos abogados, en sus respectivas representaciones, y

que sólo ellos habían sido citados y emplazados para la resolución del recurso, por auto de doce de Octubre último, se declaró nulo todo lo actuado ante este Tribunal Supremo, sin especial condenación de costas, mandándose devolver los autos al Tribunal de Distrito de San Juan, para que hiciera notificar en la forma correspondiente á todas las partes del juicio, la sentencia dictada; procediendo luego con arreglo á derecho, y elevando oportunamente á este Tribunal el pleito, previa citación y emplazamiento de dichas partes por el término legal.—Resultando: Que notificada personalmente la sentencia á la sucesión de Don Félix Benet, y á las demás partes interesadas en el pleito, sin que interpusieran contra ella ningún recurso, y citadas y emplazadas nuevamente las partes, se elevaron los autos á esta Superioridad donde comparecieron los abogados Don Rafael López Landrón, á nombre de la recurrente Doña Eduarda Conroig, y Don Hilario Cuevillas y Hernández y Don Wenceslao Bosch, á nombre respectivamente de Don Pablo Ubarri é Iramategui y Don Julián Monsuris, y entregados los autos por diez días al primero para formalizar el recurso, los devolvió, reproduciendo simplemente su escrito de trece de Junio del año próximo pasado; y corridos los demás trámites, se celebró la vista del recurso con asistencia de los abogados defensores de las partes presentes, sosteniendo cada uno sus respectivas pretensiones.—Visto: Siendo Ponente el Presidente del Tribunal Don José Severo Quiñones.—Considerando: Que dirigida la demanda de los hermanos Conroig contra la sucesión de Félix Benet, Don Julián Monsuris, Don Fermín Martínez Villamil, Don Pablo Ubarri é Iramategui, Don Jacinto Moragas, Don José Antonio Daubón y la sucesión de Don Ricardo Quijano, tutor y protutor respectivamente los dos primeros, y los demás vocales que fueron del consejo de familia de los referidos hermanos durante su menor edad, para que se les declarara responsables de las cantidades percibidas por el tutor Benet de Don Manuel Muñoz Barrios y Orcasitas y Cª, por cuenta de los expresados

hermanos, y en su consecuencia se les condenara al pago de dichas cantidades por vía de indemnización de daños y perjuicios ó como más procediera, con sus intereses y las costas; y que habiéndose limitado la sentencia á absolver de la demanda á los vocales del consejo de familia de los hermanos Conroig, y al protutor, sin especial condenación de costas, y sin hacer declaración alguna respecto á la sucesión del tutor Sr. Benet, es evidente que ha omitido resolver una de las pretensiones de la demanda, infringiendo en su consecuencia el artículo 358 de la Ley de Enjuiciamiento Civil, según el que, las sentencias deben ser claras, precisas y congruentes con las demandas y con las demás pretensiones deducidas oportunamente en el pleito, haciendo las declaraciones que éstas exijan, condenando ó absolviendo al demandado, y decidiendo todos los puntos litigiosos que hayan sido objeto del debate; é incurriendo por lo tanto la Sala sentenciadora, en el error de derecho comprendido en el número 3 del artículo 1,690 de la misma Ley de Enjuiciamiento Civil, en que se funda el 6º motivo del recurso.— Considerando: En cuanto á la infracción que se alega en el 8º motivo del artículo 312 del Código Civil, que si bien con arreglo á dicho precepto legal los vocales del consejo de familia son responsables de los daños que por malicia ó negligencia culpable se causaren al sujeto á tutela, esta responsabilidad no puede declararse mientras no se acredite cumplidamente la realidad del perjuicio sufrido por el menor ó incapacitado sometido á la tutela; y que siendo esta cuestión, como de hecho, de la exclusiva apreciación de la Sala sentenciadora, y habiendo estimado ésta que en el presente caso no puede declararse aquella responsabilidad á los vocales del consejo de familia por no haberse depurado suficientemente la realidad é importancia de los perjuicios causados á los hermanos Conroig, esa apreciación de la Sala sentenciadora debe prevalecer mientras no se demuestre que al hacerla ha incurrido en algún error de hecho ó de derecho en la apreciación de las pruebas y demás datos del pleito

que ha tenido á la vista.—Considerando: Que aun cuando el presente recurso se ha fundado también en este último motivo, ó sea en el número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, este fundamento del recurso no puede tomarse en consideración al efecto de modificar el juicio formado por la Sala sentenciadora respecto á la efectividad é importancia de los perjuicios causados á los hermanos Conroig, toda vez que en el escrito de interposición del recurso no se expresan concretamente los errores de hecho y de derecho que se suponen cometidos por el Tribunal sentenciador, ni los actos ó documentos auténticos que demuestren la equivocación evidente de la Sala, ni se citan las leyes relativas al valor de los diferentes medios de prueba que reconoce el derecho y que hayan sido infringidos por la Sala sentenciadora; requisitos todos indispensables para que pueda estimarse bien planteado el recurso de casación por infracción de ley cuando se funda en el caso 7º del artículo 1,690 de la citada ley procesal.—Considerando: En cuanto á las demás infracciones que se alegan como fundamentos del recurso, que tampoco son admisibles, tanto porque ni los artículos 231, 261 y 288 del Código Civil que se citan como infringidos en los motivos 1º, 3º y 5º, tienen aplicación al caso del pleito, ni se expresa con la debida claridad el concepto en que hayan sido infringidos por la Sala sentenciadora, cuanto porque tampoco puede servir de fundamento legal para la casación, la infracción de leyes que no se citan, ó que se invocan de un modo genérico é indeterminado sin fijar lo que establecen, ni su referencia y aplicación al caso en que se suponen infringidas, como sucede en cuanto á las infracciones que se alegan en los motivos 2º, 4º, 7º y 9º en los que se citan como infringidos todos los preceptos relativos á las obligaciones de los tutores y protutores y los artículos 236, 264 y 275 del Código Civil, en todos sus números y apartados sin individualizarlos, ni expresar claramente el concepto en que han sido infringidos por la sentencia, como lo exige el artículo 1,718 de la misma Ley de Enjuiciamiento Civil

vigente.—Considerando : Por tanto, que de todos los fundamentos del recurso, sólo es admisible el primero de que se ha hecho mérito, ó sea el comprendido en el número 3 del artículo 1,690 de la Ley de Enjuiciamiento Civil, pero no los demás alegados.—Fallamos : Que debemos declarar y declaramos con lugar el recurso de casación por infracción de ley interpuesto por la representación de Doña ·Eduarda Conroig, por el motivo expresado, y sin lugar respecto de los demás, sin especial condenación de costas. En su consecuencia casamos y anulamos la sentencia recurrida en lo pertinente al motivo de casación admitido y con certificación de esta sentencia y de la que á continuación se dicta devuélvanse los autos al Tribunal de Distrito de San Juan á los fines procedentes.—Así por èsta nuestra, sentencia que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.

Publicación—Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal Supremo, Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico á veinte y tres de Agosto de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*